PATRICK J. WHALEN, ESQ., (PW3066)
Attorney at Law, LLC
109 S. Warren Street
P.O. Box 23653
Trenton, NJ 08608
(609)-393-6970
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES COVINGTON,<br>　　　　　Plaintiff,<br>　　v.<br><br>BUCKS COUNTY DEPARTMENT OF CORRECTIONS; BUCKS COUNTY DEPARTMENT OF CORRECTIONS DIRECTOR CHRISTOPHER PIROLLI; BUCKS COUNTY CORRECTIONAL FACILITY WARDEN PAUL K. LAGANA; BUCKS COUNTY CHIEF OPERATING OFFICER BRIAN HESSENTHALER; MONTGOMERY COUNTY JAIL WARDEN JULIO M. ALGARIN; BUCKS COUNTY CORRECTIONAL OFFICER ANDREW AMAROSO; BUCKS COUNTY CORRECTIONAL OFFICER LAWS; BUCKS COUNTY DEPARTMENT OF CORRECTIONS INVESTIGATOR ANTHONY P. DISANDRO; BUCKS COUNTY DEPARTMENT OF CORRECTIONS LIEUTENANT ROBERT GORMAN; BUCKS COUNTY DEPARTMENT OF CORRECTIONS LIEUTENANT BURKHART; MERCER COUNTY CORRECTIONAL CENTER; MERCER COUNTY CORRECTIONAL CENTER WARDEN CHARLES ELLIS; MERCER COUNTY DEPARTMENT OF PROBATION; JOHN & JANE DOES #1-50 (Unknown Supervisor Defendants; fictitious names, real names unknown), and XYZ CORPS #1-10 (Unknown Defendants; fictitious names, real names unknown),<br>　　　　　Defendants. | Case Number:<br><br><br>**VERIFIED COMPLAINT** |

Plaintiff James Covington, through his undersigned counsel, for his Complaint against Defendants: BUCKS COUNTY DEPARTMENT OF CORRECTIONS ("BCDOC"); BUCKS COUNTY DEPARTMENT OF CORRECTIONS DIRECTOR CHRISTOPHER PIROLLI; BUCKS COUNTY CORRECTIONAL FACILITY WARDEN PAUL K. LAGANA; BUCKS COUNTY CHIEF OPERATING OFFICER BRIAN HESSENTHALER; MONTGOMERY COUNTY JAIL WARDEN JULIO M. ALGARIN; BUCKS COUNTY  CORRECTIONAL OFFICER ANDREW AMAROSO; BUCKS COUNTY CORRECTIONAL OFFICER LAWS; BUCKS COUNTY DEPARTMENT OF CORRECTIONS INVESTIGATOR ANTHONY P. DISANDRO; BUCKS COUNTY DEPARTMENT OF CORRECTIONS LIEUTENANT ROBERT GORMAN; BUCKS COUNTY DEPARTMENT OF CORRECTIONS LIEUTENANT BURKHART; MERCER COUNTY CORRECTIONAL CENTER; MERCER COUNTY CORRECTIONAL CENTER WARDEN CHARLES ELLIS; MERCER COUNTY DEPARTMENT OF PROBATION; JOHN & JANE DOES #1-50, and XYZ CORPS. #1-10, being fictitious names, alleges as follows:

## I. **JURISDICTION**

Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to Title 42 U.S.C. §1983 and Title 28 U.S.C. §§1331, 1332 and 1343(a).

## II. **VENUE**

Venue in this District is proper, pursuant to 28 U.S.C.A. §1391, because Plaintiff resides in Mercer County and certain unconstitutional acts, practices, and misconduct occurred within this District.

## III. RELIEF SOUGHT

1.      Plaintiff seeks both immediate injunctive relief and damages as a result of the violations asserted herein. Much of this relief is set forth and described below in the First Count and the Prayer for Relief. The injunctive relief shall include the following:

- Directing Defendants to immediately arrange for him to obtain the surgery for his fractured collarbone, which was ordered by the Mercer County hired orthopedic specialist, and which was supposed to take place on November 1, 2017;

- Directing Defendants to provide all reasonable and necessary medical care and treatment required to address the injuries Plaintiff James Covington sustained;

- Directing Defendants to: (i) preserve all available security and/or facility video evidence pertaining in any way to the Plaintiff, including all Bucks County Correctional Facility security and/or surveillance video from the date the injuries were sustained and that Defendants claim Plaintiff allegedly assaulted Defendant Amaroso, as well as all audio recordings of 911 calls, calls for assistance, Officer radio communications, or any other communications from staff pertaining to Mr. Covington, his injuries, and the alleged assault he engaged in upon the Jail Officers; and (ii) preserve Plaintiff's clothing from the date of the assault and/or incident during which he was interviewed Defendants should not be allowed to spoliate this critical evidence in any way; and

- Awarding Plaintiff such other equitable relief as the Court deems fit.

## IV. NATURE OF THE ACTION

2.      This action concerns an inmate who is in immediate need of surgery for a fracture of his collarbone.

3.      Specifically, Plaintiff asserts that the Defendants were and continue to be "deliberately indifferent" to his obvious and serious medical needs, particularly with respect to their refusal to allow him to have the collarbone surgery ordered by the Specialist Physician hired by Mercer County Correctional Facility.

4.      Plaintiff James Mr. Covington was/is an Inmate at Bucks County Correctional Facility, who was seriously injured nearly one month ago, on or about October 4, 2017, while in custody there.

5.      It is during that incident that James sustained a very serious fracture to his collarbone.

6.      Plaintiff contends that the Individual Defendant Prison Guards, in particular Officer Amaroso, used unreasonable and excessive force against him.

7.      Plaintiff also contends that he was subjected to racist taunts and slurs, both prior to and during the incident.

8.      For purposes of immediate injunctive relief, the issue of what caused James Covington's fractured collarbone is not relevant. There is no dispute that he sustained this very serious injury.

9.      There can be no dispute that Mr. Covington has the right, under our Constitution, to reasonable and necessary medical care. He has been denied that right for over one month.

10.     In fact, James Covington was supposed to have immediate surgery on his fractured collarbone on November 1, 2017, last week.

11.     The consulting Orthopedic Specialists made that clear in their reporting. (Attached to the Certification of Plaintiff Counsel is a copy of those records confirming both the severity of the injuries and the urgency of this surgery.

12.     There can be no doubt as to the reasonableness and necessity of this surgery.

13.     Plaintiff has been walking around with a serious injury, an injury requiring surgery, for over 1 month. He has been forced to endure unnecessary and unjustifiable pain and suffering as the result of the denial and delay of medical treatment for these obvious injuries.

14.     The medical Specialist who ordered this surgery was not someone James or his family chose - - this is a Specialist approved and hired by the State of New Jersey/Mercer County Prison system.

15.	Upon his transfer back from the Mercer County Correctional Center to the Bucks County Correctional Facility, James had been kept in almost complete isolation.

16.	It is inexplicable that the Defendants, in particular the Bucks County Jail officials, have refused to comply and/or ignored the urgent need for surgery here.

17.	Plaintiff James Covington should not be allowed to continue to suffer unnecessarily in this manner.

18.	Plaintiff contends that the acts and omissions of the Defendants resulted in violations of the United States Civil Rights Act, 42 U.S.C. §1983 and the United States Constitution. Plaintiff seeks both immediate injunctive relief and damages as a result of these violations.

19.	Defendants' misconduct included, but is not limited to:

(a)	deliberate indifference to Plaintiff's serious and obvious medical needs, including the urgent need for collarbone surgery;
(b)	cruel and unusual punishment, as well as the use of unreasonable and/or excessive force;
(c)	unconstitutional policies, practices, and customs; and
(d)	the unreasonable creation of and aggravation of a dangerous situation ("State created danger").

20.	Plaintiff is also in need of immediate reasonable accommodations for his medical/psychiatric needs arising out of his disabilities. Therefore, Plaintiff reserves the right to amend this Complaint to add a Count for Defendants' violation of the Federal Americans With Disabilities Act ("ADA") and the Rehabilitation Act of 1973.

21.	By reason of the unlawful and unconstitutional treatment of Plaintiff, by the aforementioned Defendants, Plaintiff was required to and did employ legal counsel to ensure protection and redress for the deprivation of his constitutional and civil rights.

## V. PARTIES

22.     Plaintiff James Covington is an inmate committed to the care and custody of the Defendants.  Specifically, he was being held within the custody of the Bucks County Department of Corrections, upon information and belief, until either yesterday or late Friday (November 3rd.) However, he was just recently transferred to the Montgomery County Correctional Facility.

23.     Defendant, the Bucks County Department of Corrections ("BCDOC"), is an entity existing under the laws of the State of Pennsylvania, with an official office at 1730 S. Easton Road, Doylestown, PA 18901.  This Defendant is responsible for the care, custody and control of its inmates and has a duty to (a) provide reasonable and necessary medical treatment to its inmates, including the Plaintiff; (b) to provide reasonable accommodation to inmates with disabilities; and (c) to take all necessary and reasonable steps to ensure the safety of an inmate, such as the Plaintiff.

24.     Upon information and belief, Defendant Christopher Pirolli, is a resident of Pennsylvania, and, at all times relevant to this action, served as the Director of Corrections for the BCDOC.   As Director, this Defendant was responsible for implementation of and enforcement of policies and procedures designed to provide inmates with reasonable and necessary medical care, reasonable and necessary accommodations for inmates' disabilities, and to ensure the physical and emotional safety and well-being of an inmate such as the Plaintiff. At all times relevant to this action, Defendant Pirolli acted under color of state law and is being sued in his individual and official capacities.

25.     Upon information and belief, Defendant Paul K. Lagana, is a resident of Pennsylvania, and, at all times relevant to this action, served as the Bucks County Correctional Facility ("BCCF") Warden.  As Warden, this Defendant was responsible for implementation of and enforcement of policies and procedures designed to provide inmates with reasonable and

6

necessary medical care, reasonable and necessary accommodations for inmates' disabilities, and to ensure the physical and emotional safety and well-being of an inmate such as the Plaintiff. At all times relevant to this action, Defendant Warden Lagana acted under color of state law and is being sued in his individual and official capacities.

26. Upon information and belief, Defendant Brian Hessenthaler, is a resident of Pennsylvania, and, at all times relevant to this action, served as the Corrections Chief Operating Officer ("COO") for Bucks County. As COO, Defendant Hessenthaler serves as the facilitator between the commissioners and the division leaders and row officers, as well as various Boards and Commissions. Defendant Hessenthaler is responsible for the day to day operations of government, over which the commissioners exercise final responsibility. At all times relevant to this action, Defendant Hessenthaler acted under color of state law and is being sued in his individual and official capacities.

27. Upon information and belief, Defendant Julio M. Algarin, is a resident of Pennsylvania, and, at all times relevant to this action, serves as the Warden for the Montgomery County Correctional Facility. As Warden, this Defendant was responsible for implementation of and enforcement of policies and procedures designed to provide inmates with reasonable and necessary medical care, reasonable and necessary accommodations for inmates' disabilities, and to ensure the physical and emotional safety and well-being of an inmate such as the Plaintiff. At all times relevant to this action, Defendant Warden Algarin acted under color of state law and is being sued in his individual and official capacities.

28. Upon information and belief, Defendant Andrew Amaroso, is and was, at all times relevant to this action, a Correction Officer for the BCDOC and as such, he was responsible for the care, custody and control of the BCCF inmates. At all times relevant to this

action, Defendant CO Andrew Amoroso acted under color of state law and is being sued in his individual and official capacities.

29. Upon information and belief, Defendant Laws, is and was, at all times relevant to this action, a Correction Officer for the BCDOC and as such, he was responsible for the care, custody and control of the BCCF inmates. At all times relevant to this action, Defendant CO Laws acted under color of state law and is being sued in his individual and official capacities.

30. Upon information and belief, Defendant Anthony P. Disandro, is and was, at all times relevant to this action, an Investigator for the BCDOC and as such, he was responsible for the care, custody and control of the BCCF inmates. At all times relevant to this action, Defendant Investigator Disandro acted under color of state law and is being sued in his individual and official capacities.

31. Upon information and belief, Defendant Robert Gorman, is and was, at all times relevant to this action, a Lieutenant for the BCDOC and as such, he was responsible for the care, custody and control of the BCCF inmates. At all times relevant to this action, Defendant Lieutenant Gorman acted under color of state law and is being sued in his individual and official capacities.

32. Upon information and belief, Defendant Burkhart, is and was, at all times relevant to this action, a Lieutenant for the BCDOC and as such, he was responsible for the care, custody and control of the BCCF inmates. At all times relevant to this action, Defendant Lieutenant Burkhart acted under color of state law and is being sued in his individual and official capacities.

33. Upon information and belief, Defendant Mercer County Correctional Center, is a department and/or division of the County of Mercer with a business address at 1750 Route 29, Lambertville, NJ 08530. This Defendant is responsible for the care, custody and control of its inmates and has a duty to (a) provide reasonable and necessary medical treatment to its inmates,

including the Plaintiff; (b) to provide reasonable accommodation to inmates with disabilities; and (c) to take all necessary and reasonable steps to ensure the safety of an inmate, such as the Plaintiff.

34.     Upon information and belief, Defendant Charles Ellis, is a resident of New Jersey, and, at all times relevant to this action, served as the Mercer County Correctional Center Warden. As Warden, this Defendant was responsible for implementation of and enforcement of policies and procedures designed to provide inmates with reasonable and necessary medical care, reasonable and necessary accommodations for inmates' disabilities, and to ensure the physical and emotional safety and well-being of an inmate such as the Plaintiff. At all times relevant to this action, Defendant Warden Ellis acted under color of state law and is being sued in his individual and official capacities.

35.     Upon information and belief, Defendant Mercer County Department of Probation is located at 175 S. Broad Street, Trenton, New Jersey. Defendant Mercer County Department of Probation is responsible for the custody and control of inmates in Mercer County.

36.     Defendant John/Jane Does #1-50, (fictitious names, real name, unknown), upon information and belief, served as the policymakers for the BCDOC, the BCCF, the Montgomery County Correctional Facility, the Mercer County Correctional Center, were employees or Correction Officers for the BCDOC, the BCCF, the Montgomery County Correctional Facility, the Mercer County Correctional Center, and/or were directly involved in providing medical care and/or reasonable accommodations for Plaintiff's disabilities, or making decisions concerning Plaintiff's safety and well-being. At all times relevant to this action, Defendants John/Jane Does #1-50 acted under color of state law and are being sued in their individual and official capacities.

37.     Defendants XYZ Corporations #1-10 (fictitious names, real name, unknown), are individuals, corporations, partnerships, or other entities, who performed, directed, instructed,

ordered, and/or were otherwise responsible for the correctional healthcare services, and/or treatment of inmates in the custody of either the BCDOC, the BCCF, the Montgomery County Correctional Facility, the Mercer County Correctional Center, including staff members, agents, and employees of those entities (John/Jane Does #1-20), who had interactions with the Plaintiff during the pertinent time period.

38.    Plaintiff reserves the right to name and add these unknown JOHN/JANE DOEs and XYZ CORPS. as direct Defendants after completing necessary discovery.

## VI. GENERAL BACKGROUND

39.    On or about October 4, 2017, while in custody at Bucks County Correctional Facility, Plaintiff James Mr. Covington was an Inmate, who was seriously injured.

40.    Plaintiff contends that the Individual Defendant Prison Guards, in particular Officer Amaroso, used unreasonable and excessive force against him.

41.    It is during that incident that James sustained a very serious fracture to his collarbone. This assault, given its location in the Bucks County Correctional Facility, had to have been caught on video. However, the Defendants have refused to confirm that they have taken steps to preserve same, despite written requests that they take such steps.

42.    Plaintiff also contends that he was subjected to racist taunts and slurs, both prior to and during the incident.

43.    Plaintiff Covington was supposed to have immediate surgery on his fractured collarbone on November 1, 2017.

44.    Plaintiff was not provided with medical treatment for the injuries he sustained. Indeed, he has been denied that right for over one month.

45.    To date, the surgery that was ordered for Plaintiff has inexplicably, unjustifiably, and unconstitutionally not taken place.

46.     As a result, Plaintiff has been caused to suffer unnecessarily.

47.     It must be recognized, that in addition to Defendants refusing to provide reasonably and necessary medical treatment, including immediate collarbone surgery, Plaintiff is suffering from and has been suffering from serious disabilities

48.     Defendants, including Defendants Amoroso, Laws, Disandro, Gorman and Burkhart, realizing the assault had left Plaintiff seriously injured, orchestrated knowingly false and malicious criminal charges and internal jail disciplinary charges against Plaintiff. Specifically, these Defendants falsely accused him of assaulting Defendant Amoroso.

49.     Without cause or justification, Defendants unlawfully subjected Plaintiff to cruel and unusual punishment.

50.     At no time during the entire encounter did Plaintiff engage in any conduct which in any way justified the brutal assault, harassment, intimidation, retaliation, and unconstitutional conduct engaged in by Defendants.

51.     Further, upon information and belief, critical evidence is not being preserved and/or deliberately altered or destroyed by Defendants. Certainly, Defendants have never responded to any of Plaintiff Counsel's various correspondence sent nor confirmed in writing that the requests for evidence preservation have been received and are being heeded

52.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer from severe injuries, pain and suffering, including, but not limited to, a serious fracture of his collarbone that requires surgery, some or all of which may be permanent. All of these injuries have caused Plaintiff great pain and suffering.

53.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer serious mental anguish, fear, psychological and emotional distress, humiliation, physical pain and suffering, some or all of which may be permanent.

54. The aforementioned actions as committed upon and against Plaintiff's person by Defendant Correction Officers were done under color of law and under their authority as Correction Officers.

55. The acts and omissions of the Defendants and the individual Officer Defendants, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

## FIRST CAUSE OF ACTION
### (Injunctive and Equitable Relief)
### (Declaratory Judgment - - Mandamus Action)

56. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

57. Plaintiff seeks injunctive relief against these Defendants such that these Defendants be compelled to:

A. Directing Defendants to immediately arrange for him to obtain the surgery for his fractured collarbone, which was ordered by the Mercer County hired orthopedic specialist, and which was supposed to take place on November 1, 2017;

B. Directing Defendants to provide all reasonable and necessary medical care and treatment required to address the injuries Plaintiff James Covington sustained;

C. Directing Defendants to:

(i) preserve all available security and/or facility video evidence pertaining in any way to the Plaintiff, including all Bucks County Correctional Facility security and/or surveillance video from the date the injuries were sustained and that Defendants claim Plaintiff allegedly assaulted Defendant Amaroso, as well as all audio recordings of 911 calls, calls for assistance, Officer radio communications, or any other communications from staff pertaining to Mr. Covington, his injuries, and the alleged assault he engaged in upon the Jail Officers;

(ii) preserve any and photos depicting Mr. Covington, or the involved Officers and their alleged injuries;

(iii) preserve any and all reports, schedules, statements, and other documents or records pertaining to Mr. Covington's incarceration, his transport, and his medical evaluations; and

(iv)    preserve Plaintiff's clothing from the date of the assault and/or incident during which he was interviewed.  Defendants should not be allowed to spoliate this critical evidence in any way.

D.    Awarding Plaintiff such other equitable relief as the Court deems fit.

58.    There is no adequate remedy at law to prevent further future harm to Plaintiff, thereby justifying Plaintiff's request for immediate injunctive and equitable relief.  Plaintiff is being, and has been, irreparably damaged as a result of Defendants' unlawful conduct.  There is simply no legitimate reason to deny him surgery and to ignore independent physician orders to that effect.  Such refusal by the Defendants is a flagrant and unjustifiable violation of our Constitution.

**SECOND CAUSE OF ACTION**
**DELIBERATE INDIFFERNCE TO MEDICAL NEEDS,**
**Cruel and Unusual Punishment, Under the U.S. Constitution.**

59.    Plaintiff repeats and realleges the allegations of all the paragraphs above as though fully set forth at length herein.

60.    The Defendants are subject to the United States Constitution.  All of the Defendants are subject to the United States Civil Rights Act §1983.

61.    The Defendants were and continue to be deliberately indifferent to the substantial risks of serious harm and to the health and safety of Plaintiff's serious medical condition and needs.  Defendants were deliberately indifferent to Plaintiff's medical situation and medical needs.

62.    By their deliberate indifference to the substantial risk of serious harm to the Plaintiff posed by his obvious and serious medical conditions and needs, the Defendants deprived Plaintiff of his rights guaranteed under the Constitution.

63. The Defendants' continued violations of the Plaintiff's Constitutional rights has also caused Plaintiff to suffer emotional distress, physical suffering, and serious injury to his body.

64. The acts and omissions of the Defendants were and continue to be intentional, willful, malicious, and/or reckless.

65. At all times relevant herein, the Defendants were responsible for the development, implementation, supervision, and enforcement of policies, practices, and procedures concerning (a) the providing of reasonable and necessary medical care to inmates; and (b) the actions of their employees and agents, including medical staff and other named Defendants.

66. As a direct and proximate result of Defendants' negligent, wanton, and/or reckless development, implementation, supervision, and enforcement of the policies, practices, and procedures concerning (a) the providing of reasonable and necessary medical care to inmates; and (b) the actions of the named individual Defendants, Plaintiff suffered severe and permanent injuries; and has suffered and will in the future be prevented from engaging in his pursuits and occupations.

67. The Defendants did negligently develop, implement, supervise, and enforce the policies, practices, and procedures concerning (a) the providing of reasonable and necessary medical care to inmates; and (b) the actions of their employees and agents, including medical staff and other named Defendants.

68. These policies, practices, and customs of the Defendants, encouraged, caused, and tolerated constitutional violations by certain other Defendants, whom the aforementioned had supervisory authority.

69. At all times relevant hereto, the Defendants supervised certain Defendants, who violated Plaintiff's Constitutional rights, and, through their deliberate indifference, encouraged

and tolerated the unconstitutional policies, practices, procedures, and customs described in the foregoing paragraphs of this Complaint.

70.     The Defendants refused to adequately train, direct, supervise, or control certain other Defendants, so as to prevent the violations of Plaintiff's Constitutional rights.

71.     All of the Defendants are subject to and required to comply with both the U.S. Constitution and to the U.S. Civil Rights Act.

72.     As described above, Defendants have violated James Covington's rights under the Constitution and engaged in violations of the U.S. Civil Rights Act.

73.     As a direct and proximate result of the above-mentioned conduct by the Defendants named herein, Plaintiff suffered severe and permanent injuries and was forced to endure extreme suffering and emotional distress, pain, suffering, and mental anguish together with a total deprivation of his rights guaranteed to her by the Constitution.

74.     The above-described conduct of the Defendants, and/or the other John/Jane Doe Defendant Officers also constitutes cruel and unusual punishment. No inmate should be forced to endure such a wanton and unnecessary infliction of pain and suffering. Reasonable and necessary medical care, including surgery ordered by a State Prison hired Medical Specialist, should not be refused to an inmate, as is being done here.

75.     The actions of the Defendants against Plaintiff in the manner described above, acting under color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in violation of the United States Civil Rights Act, in particular, the prohibition against deliberate indifference to obvious and necessary medical needs, and cruel and unusual punishment.

76. Defendants have violated Plaintiff's rights under the United States Constitution, as well as the United States Civil Rights Act. As set forth above, the Constitutional deprivations arose out of the Defendants' acts, omissions, policies, practices, and customs of the Defendants.

77. The conduct of the Defendants as set forth above, acting under color of State law, was (a) recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Plaintiff; (b) was committed in conscious disregard of the substantial and/or unjustifiable risk of harm to inmates, including Plaintiff, or (c) was so egregious as to the shock the conscience.

78. The conduct of the Defendants as set forth above, violated Plaintiff's constitutional right to be free from deliberate indifference to his reasonable and necessary medical needs, cruel and unusual punishment, and his right to substantive and procedural due process, as guaranteed by the United States Constitution and as remediable pursuant to the United States Civil Rights Act.

79. The actions of Defendants, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States.

80. Plaintiff is being, and has been, irreparably damaged as a result of Defendants' unlawful conduct.

## THIRD CAUSE OF ACTION
### Policymaker and/or Supervisory Liability
### Deliberate Indifference Under the U.S. Civil Rights Act & the U.S. Constitution

81. Plaintiff repeats and realleges the allegations of all the paragraphs above as though fully set forth at length herein.

82. At the time of the aforesaid incident, the individual Officer Defendants were acting under the direction and control of the Bucks County Department of Corrections.

83. Defendants created, sponsored, maintained, and/or acquiesced in numerous unconstitutional policies, practices, and customs, which had a direct detrimental impact on Plaintiff and which continues to expose Plaintiff to irreparable harm.

84. Because of the surrounding circumstances, the Defendants were obligated to instruct, supervise, control the individual Officer Defendants and should have had the knowledge that the wrongs done were about to be committed.

85. Acting under color of law and pursuant to official policy, practice, or custom, the Defendants had knowledge or, they diligently exercised their duties to instruct, train, supervise, control and discipline the individual Officer Defendants, should have known that the above-described wrongs were about to be committed.

86. The Defendants were aware of a pattern of the above misconduct used by the individual Officer Defendants and were aware that their failure to investigate and discipline the individual Officer Defendants would result in incidents of inmate abuse and cruel and unusual punishment.

87. The failure to correct said policies caused Plaintiff to be assaulted as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

88. Acting under color of law and pursuant to official policy, practice, or custom, the Defendants intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, the individual Officer Defendants, including specifically, Corrections Officer Amoroso, Defendant Officer Laws, Defendant Disandro, Defendant Lieutenant Forman and Defendant Lieutenant Burkhart, and other individual John Doe Officer Defendants, as to correct procedures and to refrain in their duties from unlawfully and maliciously assaulting, retaliating against, intimidating, threatening, beating and harassing

inmates. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

89. The Defendants, as a matter of policy, practice, or custom, have with deliberate indifference failed to adequately discipline, train or otherwise direct the individual Officer Defendants concerning the rights of inmates, thereby causing the individual Officer Defendants in this case to engage in the unlawful conduct described above.

90. The Defendants have allowed and continue to allow incidents such as this to occur unchecked.

91. The Defendants, with respect to discipline, created, encouraged, and condoned an atmosphere of the use of and infliction of cruel and unusual punishment, and general misconduct. This constituted a deliberate indifference or tacit authorization of such conduct.

92. The Defendants, as a matter of policy, practice, or custom, have with deliberate indifference failed to properly sanction or discipline the individual Officer Defendants for violations of the constitutional rights of inmates, thereby causing the individual Officer Defendants to engage in unlawful conduct.

93. The Defendants, as a matter of policy, practice, or custom, have with deliberate indifference failed to sanction or discipline the individual Officer Defendants, who were aware of and subsequently concealed violations of the constitutional rights of inmates by other Correction Officers, thereby causing and encouraging Correction Officers, including the individual Officer Defendants in this case, to engage in unlawful conduct.

94. The Defendants, directly or indirectly, under color of law, approved and/or acquiesced in the unlawful, deliberate, malicious, reckless, wanton conduct of the individual Officer Defendants heretofore described.

95.     If the Defendants had undertaken such instructive, disciplinary or corrective action, the individual Officer Defendants would not have beaten the Plaintiff nor would they have undertaken the other unlawful conduct described above.

96.     As a direct and proximate result of the deliberate indifference of the Defendants, Plaintiff has suffered physical and emotional injuries, considerable pain, anguish and suffering and permanent injuries, and conscious pain and suffering. Plaintiff is being irreparably damaged as a result of Defendants' unlawful conduct.

## FOURTH CAUSE OF ACTION
### FALSE ARREST & IMPRISONMENT
**(United States Constitution and United States Civil Rights Act 42 U.S.C. §1983)**
**Unreasonable and Excessive Force - Unreasonable Seizure - False Arrest & Imprisonment**

97.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

98.     The above-described conduct of the Defendants constitutes unreasonable and/or excessive force in violation of the United States Constitution and the United States Civil Rights Act 42 U.S.C. §1983.

99.     The use of such unreasonable and/or excessive force by the individual Officer Defendants, acting under color of state law, deprived Plaintiff of his right to be secure in his person against unreasonable seizure of his person in violation of the United States Constitution and the United States Civil Rights Act 42 U.S.C. §1983.

100.    In particular, the individual Officer Defendants' actions violated the Fourth Amendment to the United States Constitution, as well as his procedural and substantive due process rights.

101.    The actions of the individual Officer Defendants, acting under color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the State of New Jersey, in particular, Article I, Paragraph 7, which provides that:

19

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable...seizures, shall not be violated. . .."

102.   The actions of the individual Officer Defendants, acting under color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the State of New Jersey, in particular Article I, Paragraph 1, which provides that:

> "All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness."

103.   As a direct and proximate result of the Defendants' actions, Plaintiff is being detained and held in custody without just and probable cause.

104.   By reason of the unlawful and unconstitutional use of unreasonable and excessive force against Plaintiff, as well as the other unconstitutional conduct described above, engaged in by the aforementioned individual Officer Defendants, Plaintiff was required to and did employ legal counsel to (a) ensure protection and redress for the deprivation of his civil rights.

105.   The acts and omissions of the Defendants, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

106.   Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

107.   Defendants falsely charged Plaintiff with Simple Assault and Aggravated Assault and Terroristic Threats with the intent to Terrorize Another.

108.   The institution of said charges by said Defendant Officers was done with malice, with the primary purpose being other than that of bringing an offender to justice.

109.   The aforementioned criminal charges were improperly issued by the Defendants.

Specifically, the Defendants lacked reasonable or probable cause for these charges.

110. Upon information and belief, the Defendants issued charges against Plaintiff in a misguided effort to: (a) retaliate against the Plaintiff for his exercise of his Constitutional rights; and (b) justify the combined Defendants' unreasonable and unconstitutional misconduct against Mr. Covington and the mishandling of the entire encounter.

111. The actions of Defendants, acting under color of state law, deprived Plaintiff of his due process rights to be free from prosecution except upon a determination of probable cause under the laws and the Constitution of the United States, in violation of 42 U.S.C. §1983, §1985 and §1986.

112. In particular, Defendants' actions violated the rights, privileges and immunities guaranteed to the Plaintiff by the Fourteenth Amendment, which, in pertinent part, provides that:

> "No state . . . shall . . . deprive any person of life, liberty or property, without due process of law; nor deny any person within its jurisdiction equal protection under the laws..."

113. The acts and omissions of Defendants, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages

114. As a proximate result of the aforementioned acts, Plaintiff has been damaged, including violation of his civil rights, and has suffered mental distress and anguish and other proximately caused damages.

## **PRAYER FOR INJUNCTIVE RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court provide the following relief:

- Directing Defendants to immediately arrange for him to obtain the surgery for his fractured collarbone, which was ordered by the Mercer County hired orthopedic specialist, and which was supposed to take place on November 1, 2017;

- Directing Defendants to immediately provide reasonable accommodations to Plaintiff in light of his disabilities;

- Directing Defendants to: (i) preserve all available security and/or facility video evidence pertaining in any way to the Plaintiff, including all Bucks County Correctional Facility security and/or surveillance video from the date the injuries were sustained and that Defendants claim Plaintiff allegedly assaulted Defendant Amaroso, as well as all audio recordings of 911 calls, calls for assistance, Officer radio communications, or any other communications from staff pertaining to Mr. Covington, his injuries, and the alleged assault he engaged in upon the Jail Officers; and (ii) preserve Plaintiff's clothing from the date of the assault and/or incident during which he was interviewed  Defendants should not be allowed to spoliate this critical evidence in any way; and

- Awarding Plaintiff such other equitable relief as the Court deems fit.

Respectfully submitted,

Dated:  November 7, 2017

*s/Patrick J. Whalen (PW3066)*
PATRICK J. WHALEN, ESQUIRE

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised herein.

PATRICK J. WHALEN, ESQUIRE

Dated:  November 7, 2017            *s/Patrick J. Whalen*

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Patrick J. Whalen, Esquire as trial counsel in the above-referenced matter.

PATRICK J. WHALEN, ESQUIRE

Dated:  November 7, 2017                    s/Patrick J. Whalen

## CERTIFICATION

I hereby certify that the matter in controversy in the within Complaint is not the subject of any other action pending in any other Court or of any arbitration proceeding.  No other action or arbitration proceeding regarding this matter is contemplated by Plaintiff.   I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

PATRICK J. WHALEN, ESQUIRE

Dated:  November 7, 2017                    s/Patrick J. Whalen

## VERIFICATION OF CHERYL COVINGTON (POA)

I, CHERYL COVINGTON, certify to the Court as follows:

1.      I am the sister of and have Power of Attorney for Plaintiff James Covington in the within action and I am familiar with the matters set forth herein.

2.      I have read the Verified Complaint to which this Verification is attached.  All the facts stated therein are true to the best of my knowledge.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  11/7/17

_____
CHERYL COVINGTON